[943 NYS2d 757]

In the Matter of WILLIAM JOSEPH REILLY, an Attorney, Resignor.

Second Department, May 8, 2012

**APPEARANCES OF COUNSEL**

*Robert A. Green,* Hauppauge (*Carolyn Mazzu Genovese* of counsel), for the Grievance Committee for the Tenth Judicial District.

**OPINION OF THE COURT**

Per Curiam.

William Joseph Reilly has submitted an affidavit dated November 26, 2011, wherein he tenders his resignation as an

attorney and counselor-at-law (*see* 22 NYCRR 691.9). Mr. Reilly was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on January 17, 1979.

Mr. Reilly acknowledges that he is the subject of a complaint, which is under investigation by the Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) and upon which the Grievance Committee could prosecute charges of misappropriation of, and failure to account for, funds entrusted to him as a fiduciary, as well as failure to properly cooperate with the lawful inquiries of the Grievance Committee, by, among other things, failing to submit bank and bookkeeping records. Mr. Reilly further acknowledges that he could not defend himself on the merits against such charges.

Mr. Reilly avers that his resignation is freely and voluntarily rendered; that he is not being subjected to coercion or duress by anyone; and that he is fully aware of the implications of submitting his resignation, including being barred by Judiciary Law § 90 and the Rules of the Appellate Division, Second Department, from seeking reinstatement for at least seven years.

Additionally, Mr. Reilly's resignation is submitted subject to any application which could be made by the Grievance Committee for an order directing that he make restitution and that he reimburse the Lawyer's Fund for Client Protection pursuant to Judiciary Law § 90 (6-a). Mr. Reilly acknowledges the continuing jurisdiction of the Court to make such an order, which could be entered as a civil judgment against him, and specifically waives the opportunity afforded by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee recommends acceptance of Mr. Reilly's resignation.

Inasmuch as the proffered resignation complies with the requirements of 22 NYCRR 691.9, it is accepted and, effective immediately, Mr. Reilly is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

MASTRO, A.P.J., RIVERA, SKELOS, DILLON and CHAMBERS, JJ., concur.

Ordered that the resignation of William Joseph Reilly is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, William Joseph Reilly is disbarred, and his name is

stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that William Joseph Reilly shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, William Joseph Reilly is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an *attorney or counselor-at-law* before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if William Joseph Reilly has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).